No. 2474

Second Circuit

———

JETER v. LYON

———

(May 22, 1928. Opinion and Decree.)

———

(*Syllabus by the Court*)

1. **Louisiana Digest—Mechanics' Privileges —Par. 2, 12.**

Act No. 139 of 1922, providing by section 2 for a lien for labor and materials in favor of persons having a claim against the undertaker, contractor, master mechanic, or contracting engineer, does not entitle one furnishing materials to a subcontractor to claim a lien, notwithstanding section 1 and part of section 2, requiring owner to exact a bond in favor of all subcontractors, journeymen, etc.

Frank vs. Waters, 162 La. 255, 110 So. 413.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. J. H. Stephens, Judge.

Action by John T. Jeter against J. W. Lyon, et al.

There was judgment for plaintiff and defendants appealed.

Judgment reversed and suit dismissed.

James T. Jeter, of Shreveport, attorney for plaintiff, appellee.

Pugh & Boatner; Byron A. Irwin, of Shreveport, attorneys for defendants, appellants.

STATEMENT OF THE CASE.

REYNOLDS, J. Plaintiff sued J. W. Lyon, J. C. Whittington, and E. B. Bowden in solido for $372.97 with interest thereon at 5% per annum from April 15,

1924, as the price of certain building material alleged to have been sold to them by him.

By supplemental petition he alleged that the materials, the price of which are sued for, were used on property belonging to the defendant, J. W. Lyon, that no written contract and bond were recorded, and that plaintiff had given him written notice that the material was not paid for and that he would look to him for payment.

Judgment was rendered on default against the defendants Whittington and Bowden as prayed for.

The defendant, J. W. Lyon, answered, denying liability.

On these issues the case was tried and judgment was rendered in favor of the plaintiff, John T. Jeter, and against the defendant, J. W. Lyon, as prayed for.

The defendant, J. W. Lyon, has appealed.

### OPINION.

The plaintiff, John T. Jeter, testified that the materials, the price of which is sued for, was sold to the defendant, E. B. Bowden, and that Bowden was a subcontractor under the defendant, J. C. Whittington, who had a contract with the defendant, J. W. Lyon, to paint his residence.

Act No. 139 of 1922, the law concerning builder's privilege, in force at the time the materials were sold and the work done, does not entitle one furnishing materials to a subcontractor to claim a lien.

It was expressly so held in the case of Frank vs. Waters, 162 La. 255, 110 So. 413, and that case is decisive of this.

It is therefore ordered, adjudged and decreed that the judgment in favor of John T. Jeter and against J. W. Lyon appealed from be annulled, avoided and reversed, and that the demand of the plaintiff, John T. Jeter, as against the defendant, J. W. Lyon, be rejected and his suit dismissed at his cost.